No. 2269.—JOHN S. CHIDESTER *v.* J. S. SIMONDS et al.

Property that has been purchased by authentic act and passed into the possession of the vendee, can not be seized under a writ of *fieri facias* against the vendor. In such a case the sale of the property thus seized will be restrained by injunction taken out by the purchaser. The case would be different if the seizing creditor shows that the sale is simulated.

APPEAL from Fourth District Court, parish of Orleans. *Théard, J. Sullivan, Billings & Hughes,* for plaintiff and appellee. *Bentinck Egan,* for defendants and appellants.

WYLY, J. The plaintiff alleges that he is the owner of the buggies, horses, harness, safe, office fixtures, books, feed and other property in the premises, known as the "Varieties Stable," at No. 103 Dryades street, New Orleans, having acquired the same by purchase and for valuable consideration from Nelson and Clinton Taylor, as per act passed before William Shannon, notary, on twenty-third May, 1867; that he bought in good faith their entire interest in said property, and that they have no further interest therein. That the defendant J. S. Simonds, a judgment creditor of Nelson Taylor, has caused said property to be seized by the sheriff of the parish of Orleans, under and by virtue of a writ of *fieri facias,* issued on his said judgment; that he has caused it to be advertised, and will sell it unless restrained by injunction. He prayed for and obtained the writ of injunction, and he also prayed that said property be declared to belong to him, that the injunction be made perpetual, and for general relief.

The defendants pleaded the general issue, and specially denied that the plaintiff is the owner, or is in any manner interested in the property seized under his judgment against Nelson Taylor, praying that the injunction be dissolved, with ten per cent. interest and twenty per cent. damages *in solido* against the plaintiff and his surety on the injunction bond.

The court gave judgment in favor of the plaintiff, perpetuating the injunction, with the costs, and the defendant Simonds has appealed.

An examination of the evidence satisfies us that the judgment of the court below is correct. The plaintiff purchased the property by an authentic act, went into possession thereof, and has held and administered the same ever since through his attorney in fact Samuel G. Ferguson.

The attempt of the defendant Simonds to show simulation, or that the sale was not consummated by delivery, is a failure.

Let the judgment appealed from be affirmed, with costs.

Rehearing refused.